# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00688-GCM

| | |
|---|---|
| EDRICO J. BLAKENEY,<br><br>Plaintiffs,<br><br>v.<br><br>GOULSTON TECHNOLOGIES,<br><br>Defendants. | <u>**DRAFT ORDER**</u> |

THIS MATTER comes before the Court upon Defendant Goulston Technologies, Inc.'s Motion to Dismiss [ECF Doc. 6], which was filed on January 10, 2020. Plaintiff Edrico J. Blakeney, *pro se*, filed his Response [ECF Doc. 10] on January 24, 2020, and Defendant filed a Reply [ECF Doc. 11] on January 31, 2020. The Court, having considered the facts and circumstances of the Motion, finds the following.

## I.     BACKGROUND

Plaintiff filed his initial Complaint alleging race discrimination under Title VII and issued the summons to "700 N, Johnson St. Monroe, NC, 28110" on December 16, 2019. ECF Doc. 1; ECF Doc. 2 at 1. He then filed his Amended Complaint on December 17, 2019. ECF Doc. 3. Plaintiff filed notice of the summons returned executed, which was served by Priority Mail with signature confirmation requested, on December 20, 2019. ECF Doc. 4. Subsequent to Defendant Goulston Technologies, Inc. ("Goulston") filing this Motion to Dismiss pursuant to the Federal Rules of Civil Procedure under Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6), Plaintiff reissued the summons on January 17, 2020. ECF Doc. 8. This time, Plaintiff addressed the summons to "Goulston Technologies," attention of "Dale C. Stoller or Current Officer, Managing

or General Agent," and the summons was served via Certified Mail, return receipt requested. ECF Doc. 9 at 2–3.

## II. DISCUSSION

The Federal Rules of Civil Procedure allow for defendants to assert certain defenses by motion, including lack of subject-matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1)–(2); Fed. R. Civ. P. 12(b)(4)–(6). Defendant's Motion focuses largely on alleged insufficient process and service of process which, if true, defeats personal jurisdiction as well. The Court will similarly focus its analysis on these issues.

Courts may not exercise personal jurisdiction over a defendant where the procedural requirements of service or the summons are not satisfied. *Omni Cap. Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). A "plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003); *see also Cunningham v. Wells Fargo N.A.*, No. 3:19-cv-00528-FDW, 2020 WL 5300843, at *2 (W.D.N.C. Sept. 4, 2020) (discussing this concept in the context of Rules 12(b)(4) and 12(b)(5)). Actual notice that the lawsuit is occurring is insufficient, the "plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Actual notice of the litigation does entitle courts to liberally construe the rules regarding service of process and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Id.* Nevertheless, the Court is not entitled to ignore the plain requirements of the rules regarding effective service of process simply because actual notice of the litigation exists or even because a plaintiff is proceeding *pro se*. *Id.*;

*Cunningham*, 2020 WL 5300843, at *2 (discoursing on service of process in a *pro se* Title VII case); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (establishing that *pro se* litigants must comply with procedural rules and courts cannot "excuse mistakes by those who proceed without counsel").

Defendant first argues the summons was defective because Plaintiff did not designate an authorized person on the summons. A summons must "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B). Where an officer, director, or manging or authorized agent is not identified in the summons, the summons "is defective on its face." *Gittens v. Equifax*, No. 3:16-cv-00228-FDW-DSC, 2019 WL 5790655, at *2 (W.D.N.C. Nov. 5, 2019). Therefore, the summons was defective here because it did not identify any officer, director, managing, or authorized agent, nor did it identify Goulston itself.

Defendant also argues service of process was defective. It was appropriate for Plaintiff to either: (1) deliver a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or (2) serve the corporation pursuant to the state law for serving a summons in North Carolina. *See* Fed. R. Civ. P. 4(h)(1)(A)–(B). North Carolina state law allows for service of process by "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served," someone who appears to be in charge of that person's office, or to the person authorized to accept service on behalf of the corporation. N.C. R. Civ. P. 4(j)(6)(c). Additionally, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).

Plaintiff initially served process via Priority Mail, with the envelope addressed to the attention of Ms. Veronica McKinney—a human resources manager at Goulston. ECF Doc. 7-1.

Plaintiff has provided no evidence that Ms. McKinney is authorized to receive service and Defendant has pointed out that Mr. Stoller is the appropriate agent authorized to receive service of process. Moreover, Plaintiff mailed service by Priority Mail rather than Certified Mail with return receipt requested. Further still, Defendant never received a copy of the Complaint in the initial summons because the supposed "copy" that was mailed with the summons was missing three pages as compared to the initial Complaint and had different information included within the form. *Compare* ECF Doc. 7-1 *with* ECF Doc. 1. Therefore, the process and service of process were both defective, which is a sufficient basis to dismiss the Amended Complaint.[1]

The Court recognizes the harsh result of a *pro se* plaintiff's complaint being dismissed due to failure to follow procedural rules. Nevertheless, even where the plaintiff is *pro se*, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *McNeil*, 508 at 113 (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). Courts "may permit" proof of service or a summons to be amended. *See* Fed. R. Civ. P. 4(a)(2); Fed. R. Civ. P. 4(l)(3). However, Plaintiff belatedly amended the summons and reissued service following the filing of Defendant's Motion to Dismiss and without leave of court. Plaintiff has enough of an understanding of these rules to know that his summons and service of process were deficient, yet he has disregarded the rules requiring the court to grant permission to amend. Given the multitude of procedural deficiencies that are perpetually presented

---

[1] The federal and state civil rules Plaintiff relies upon to argue that service of process was sufficient are inapplicable. Plaintiff relies on North Carolina Rule of Civil Procedure 4(j2)(2), which relates to proof of service, not service itself. *See* N.C. R. Civ. P. 4(j2)(2). Additionally, Plaintiff relies upon North Carolina Rule of Civil Procedure 4(j)(6)(d), which is inapplicable because Plaintiff mailed the summons through the United States Postal Service, not some other designated delivery service. *See* N.C. R. Civ. P. 4(j)(6)(d). Lastly, any discussion about amending summons pursuant to the North Carolina Rules of Civil Procedure is also inapplicable because this is a case filed in federal court, which must rely on the federal rules except where the federal rules direct parties to consider state rules, as done explicitly regarding service of process in Fed. R. Civ. P. 4(h)(1)(A).

in this case, in addition to the given fact that Plaintiff has never sought leave to amend the summons or proof of service, the Court finds Defendant's Motion to Dismiss should be GRANTED.

### III. CONCLUSION

For the reasons indicated herein, Plaintiff's Amended Complaint should be **DISMISSED**.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint is **DISMISSED**.

**SO ORDERED**.

Signed: September 30, 2020

Graham C. Mullen
United States District Judge

---

[2] Even if dismissed without prejudice, Plaintiff would be barred from refiling due to the statute of limitations. Title VII requires a civil action to be commenced within ninety days following receipt of the right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). When a complaint is timely "filed and later dismissed," the statute of limitations in a Title VII case is not tolled. *Quinn v. Watson*, 145 F. App'x 799, 800 n.* (4th Cir. 2005); *Fenner v. John Umstead Hosp.*, No. 1:09CV977, 2014 WL 257274, at *5 n.5 (M.D.N.C. Jan. 23, 2014). The right-to-sue letter was received on or about October 7, 2019, and the statute of limitations expired ninety days after its receipt. *See* ECF Doc. 3 at 5. Plaintiff has made no request for equitable tolling in this case, nor would the Court deem it appropriate where Plaintiff has not demonstrated any extraordinary circumstances beyond his control that resulted in the expiration of the ninety-day period. *See Gittens*, 2010 WL 5790655, at *4 (outlining the requirements for equitable tolling). Therefore, dismissing without prejudice would not aid Plaintiff in any way.